IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVIE N. R., | ) |
|     Plaintiff, | ) No. 21 C 5149 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Sylvie N. R. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On May 31, 2019, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 16-32, 70-120.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 2019. (R. 19.) At step two, the ALJ found that plaintiff has the severe impairments of fibromyalgia, chronic pain syndrome, irritable bowel syndrome, a pelvic floor disorder, endometriosis, a major depressive disorder, post-traumatic stress disorder, and a generalized anxiety disorder. (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal a listed impairment. (R. 20.) At step four, the ALJ found that plaintiff cannot perform any past relevant work but has the RFC to perform sedentary work with certain exceptions. (R. 23-29.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 30-31.)

Plaintiff contends that the ALJ's assessment of her treaters' medical opinions was flawed. The ALJ said she was not persuaded by the December 9, 2019 opinion of Dr. Blum because it was not supported by or consistent with the record as a whole. (R. 26.) In her narrative opinion, which was also signed by advanced practice nurse Jessica Simeone and licensed clinical social worker Margaret Ewald, Dr. Blum catalogued plaintiff's conditions, described how they impacted plaintiff, and concluded that plaintiff's conditions are disabling and will continue to be so in the long term. (R. 832-41.) In the pain RFC questionnaire Dr. Blum completed on November 25, 2020, she said that pain from plaintiff's conditions would frequently interfere with her attention and concentration, she cannot tolerate even low stress jobs, she can only sit twenty minutes and stand ten minutes at a time, she can sit four hours of an eight-hour workday and stand/walk less than two hours, she is markedly limited in her ability to maintain regular attendance, and she needs unscheduled breaks every three to four hours to lie down. (R. 1071-73.)

The ALJ rejected Dr. Blum's opinions because: (1) she characterized plaintiff's condition as disabling and the determination of disability is reserved to the Commissioner; (2) she mentioned plaintiff's financial need, which is not a consideration in determining whether benefits will be awarded; (3) plaintiff worked ten hours a week and was enrolled in a master's degree program, which the ALJ believed was inconsistent with Dr. Blum's opinion that plaintiff's ability to work was extremely limited; (4) plaintiff was noted to be oriented and not in acute distress in records from exams by Dr. Blum that occurred between August 16, 2019 and April 20, 2022; (5) the record from a May 13, 2018 exam states that plaintiff has 5/5 reflexes in her upper and lower extremities, and her gait, albeit slow, has appropriate heel-toe progression, toe off and swing, and no ataxia; and (6) a physical therapy note from May 2018 said, "[s]itting, [s]tanding, guarded overall; goes

3

into body tremors inconsistently with assessment." (R. 26 (citing R. 821, 954, 958, 963, 970, 983).)

The Court agrees with plaintiff. First, Dr. Blum's use of the word disabling to describe plaintiff's impairments and mention of plaintiff's financial condition in her opinions are not a basis for rejecting them. Moreover, the ALJ cherry-picks isolated phrases from a handful of treatment records to justify rejecting Dr. Blum's opinions. The ALJ ignored, for example, that plaintiff needed extensive accommodations, including the ability to work from home and have another employee cover for her when she was sick, to perform a ten-hour-per-week job. (*See* R. 51.) Further, the ALJ dismissed Dr. Blum's opinion that plaintiff was markedly limited in her ability to maintain regular attendance and needed unscheduled breaks to lie down, without citing any evidence in support. (*See* R. 27 ("[T]he record does not provide a basis for the rate of absenteeism, or the need for unscheduled breaks for lying down that Dr. Blum as suggested.").) In short, the ALJ's rejection of Dr. Blum's opinions was not supported by substantial evidence.

## Conclusion

For the reasons set forth above, the Court denies the Acting Commissioner's motion for summary judgment [17], reverses the Acting Commissioner's decision and, pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings.

**SO ORDERED.**                                                **ENTERED:  February 24, 2023**

**M. David Weisman**
**United States Magistrate Judge**